# Exhibit B

Executed Tolling Agreements Entered into by and between
Donna Boykin and East Carolina University

DocuSign Envelope ID: 2D564F5E-96E0-4D5B-AC84-AB2D30CDC9DA

# **TOLLING AGREEMENT**

This Agreement is made by and between Donna Boykin (hereinafter "Ms. Boykin" and/or "Plaintiff"), by and through her undersigned counsel and East Carolina University (hereinafter "ECU" and/or "Defendant") (collectively, the "Parties"), The Parties agree as follows:

For good and sufficient consideration of refraining from immediately filing suit, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Tolling Provision. The deadline to file suit asserting claims arising out of Plaintiff's employment with Defendant, including but not limited to 1) disability discrimination, 2) retaliation (each under Title VII of the Civil Rights Act), 3) Family Medical Leave Act, and 4) Wrongful Discharge in violation of Public Policy as described in the letter from Jennifer Bills to Paul Zigas, dated October 26, 2020 (hereinafter, "Claims") shall be and is extended until midnight on **December 9, 2020**. Defendant agrees to toll, waive, and not assert any statute of limitations defense against the Claims so long as any suit based upon the Claims is filed by the extended deadline set forth in this Agreement, except to the extent that such defense was available to Defendant had Plaintiff filed suit prior to this Agreement.

2. Proper Party. Defendant agrees that it is the former employer of Plaintiff and agrees not to assert a claim of misidentification or misnaming of the proper party for any suit which follows this Agreement based upon the Claims.

3. No Admission. Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims or that jurisdiction for any claim exists.

4. Duration. This Agreement is effective from the date that this Agreement is executed by the last executing party through and up to and including December 9, 2020, the running of any and all limitations or time periods within which Ms. Boykin is or was required by applicable law (whether a statute of limitations, statute of repose, or contractual or equitable limitations provision) to bring, file, commence, continue, pursue or otherwise assert any and all claims against ECU resulting from her employment or separation of employment is hereby tolled.

5. Settlement and Mediation. During the period this Agreement remains in effect, the Defendant agrees to consider and respond to Plaintiff's settlement demand and the parties may engage in settlement discussions to affect the possible resolution of Plaintiff's claims. Such discussions may include mediation.

DocuSign Envelope ID: 2D564F5E-96E0-4D5B-AC84-AB2D30CDC9DA

6.      Modification. This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject. This Agreement contains the entire agreement of the Parties with respect to matters addressed herein and may not be changed or amended except by subsequent written agreement by the undersigned Parties or on the terms set forth herein.

7.      Extensions. The Parties may extend the foregoing tolling period by executing a written extension on or before December 9, 2020. At the expiration of this Agreement as provided for in Paragraphs No. 1 and No. 4 above, the Parties shall have all of the same rights, remedies, defenses, interests, duties, obligations, liabilities, and other responsibilities that they had as of the effective date of this Agreement, except as modified herein or by subsequent agreement.

8.      Successors. The Parties hereto and their respective officers, directors, employees, agents, servants, successors, heirs, and assigns, as applicable, shall be entitled to rely upon the covenants and agreements set forth herein.   Furthermore, the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the undersigned Parties, their officers, directors, employees, agents, servants, successors, heirs, and assigns.

9.      Governing law. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of North Carolina.

10.      Execution of Counterparts. Separate counterparts of this Agreement may be executed by the Parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

11.      Authority to Bind. Each person executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

12.      Confidentiality. To the extent allowed by applicable law, the Parties and their attorneys shall keep the terms of the Agreement confidential and shall not disclose such terms to anyone unless required to disclose such information by statute, court order, or to enforce this Agreement.

13.      Notices. Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally

delivered or mailed notice to be effective on the date actually received) or by electronic means (if by email, recipient must confirm receipt within 24 hours) as follows:

If to Plaintiff, address to:
Jennifer Bills, Esq.
The Noble Law Firm, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
jbills@thenoblelaw.com

If to Defendant, address to:
Zach Padget, Esq.
N.C. Department of Justice - Education
114 W. Edenton Street
Raleigh, NC 27603
zpadget@ncdoj.gov

**- SIGNATURE PAGE FOLLOWS –**

DocuSign Envelope ID: 2D564F5E-96E0-4D5B-AC84-AB2D30CDC9DA

THE UNDERSIGNED, HAVING CAREFULLY READ THE CONTENTS OF THE FOREGOING TOLLING AGREEMENT, AGREE UNCONDITIONALLY TO THE TERMS AND CONDITIONS SET FORTH HEREIN.

**For Donna Boykin:**

_Jennifer L. Bills_                    11/9/2020
_____          _____
Jennifer L. Bills, Esq.               Dated
The Noble Law Firm PLLC
*Attorney for Donna Boykin*


**For East Carolina University:**

_Sara Thorndike_                    11/6/2020
_____          _____
Dr. Sara Thorndike                    Dated
Vice Chancellor for Administration & Finance

## SECOND TOLLING AGREEMENT

This Second Tolling Agreement (the "Agreement") is entered into by and between Donna Boykin (hereinafter "Ms. Boykin" and/or "Plaintiff"), by and through her undersigned counsel, and East Carolina University (hereinafter "ECU" and/or "Defendant") (collectively, the "Parties"). The Parties agree as follows:

**WHEREAS**, a dispute has arisen between the Parties with regard to Ms. Boykin's employment with ECU;

**WHEREAS**, the Parties entered into a Tolling Agreement on November 6, 2020, tolling the running of any statute of limitations, statute of repose, or contractual or equitable limitations provision to December 9, 2020; and

**WHEREAS**, the Parties desire to enter into this Second Tolling Agreement to extend the tolling agreement an additional thirty (30) days (December 9, 2020, to January 8, 2021) to toll the running of any statute of limitations, statute of repose, or contractual or equitable limitations provision as set forth herein;

**NOW, THEREFORE**, for good and sufficient consideration of refraining from immediately filing suit, the mutual covenants and promises as set forth in this Agreement, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties covenant and agree as follows:

1.      Tolling Provision. The deadline to file suit asserting claims arising out of Plaintiff's employment with Defendant, including but not limited to claims of: 1) disability discrimination, 2) retaliation, 3) Family Medical Leave Act, and 4) Wrongful Discharge in violation of Public Policy as described in the letter from Jennifer Bills to Paul Zigas, dated October 26, 2020, (hereinafter, "Claims") shall be and is extended until midnight on **January 8, 2021**. Defendant agrees to toll, waive, and not assert any statute of limitations defense against the Claims so long as any suit based upon the Claims is filed by the extended deadline set forth in this Agreement, except to the extent that such defense, or any other defense, was available to Defendant prior to the Tolling Agreement.

2.      Proper Party. Defendant agrees that it is the former employer of Plaintiff and agrees not to assert a claim of misidentification or misnaming of the proper party for any suit which follows this Agreement based upon the Claims.

3.      No Admission. Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims or that jurisdiction for any claim exists.

1

DocuSign Envelope ID: 85636FA4-1432-4D3B-B729-943F64A26E97

4.      Duration. This Agreement is effective from the date that this Agreement is executed by the last executing party through and up to and including January 8, 2021, the running of any and all limitations or time periods within which Ms. Boykin is or was required by applicable law (whether a statute of limitations, statute of repose, or contractual or equitable limitations provision) to bring, file, commence, continue, pursue or otherwise assert any and all claims against ECU resulting from her employment or separation of employment is hereby tolled.

5.      Settlement and Mediation. During the period, the Defendant agrees to consider and respond to Plaintiff's settlement demand and the parties may engage in settlement discussions to affect the possible resolution of Plaintiff's claims. Such discussions may include mediation.

6.      Modification. This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject. This Agreement contains the entire agreement of the Parties with respect to matters addressed herein and may not be changed or amended except by subsequent written agreement by the undersigned Parties or on the terms set forth herein.

7.      Extensions. The Parties may extend the foregoing tolling period by executing a written extension on or before January 8, 2021. At the expiration of this Agreement as provided for in Paragraphs No. 1 and No. 4 above, the Parties shall have all of the same rights, remedies, defenses, interests, duties, obligations, liabilities, and other responsibilities that they had as of the effective date of this Agreement, except as modified herein or by subsequent agreement.

8.      Successors. The Parties hereto and their respective officers, directors, employees, agents, servants, successors, heirs, and assigns, as applicable, shall be entitled to rely upon the covenants and agreements set forth herein. Furthermore, the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the undersigned Parties, their officers, directors, employees, agents, servants, successors, heirs, and assigns.

9.      Governing law. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of North Carolina.

10.     Execution of Counterparts. Separate counterparts of this Agreement may be executed by the Parties with the same force and effect as if all such parties had executed

2

DocuSign Envelope ID: 85636FA4-1432-4D3B-B729-943F64A26E97

a single copy of this Agreement.

11. <u>Authority to Bind</u>. Each person executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

12. <u>Confidentiality</u>. To the extent allowed by applicable law, the Parties and their attorneys shall keep the terms of the Agreement confidential and shall not disclose such terms to anyone unless required to disclose such information by statute, court order or to enforce this Agreement.

13. <u>Notices</u>. Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means (if by email, recipient must confirm receipt within 24 hours) as follows:

If to Plaintiff, address to:
Jennifer Bills, Esq.
The Noble Law Firm, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
jbills@thenoblelaw.com

If to Defendant, address to:
Zach Padget, Esq.
N.C. Department of Justice - Education
114 W. Edenton Street
Raleigh, NC 27603
zpadget@ncdoj.gov


**- SIGNATURE PAGE FOLLOWS –**

3

THE UNDERSIGNED, HAVING CAREFULLY READ THE CONTENTS OF THE FOREGOING TOLLING AGREEMENT, AGREE UNCONDITIONALLY TO THE TERMS AND CONDITIONS SET FORTH HEREIN.

**For Donna Boykin:**

Jennifer L. Bills, Esq.
The Noble Law Firm PLLC
*Attorney for Donna Boykin*

12-/9/2020

Dated

**For East Carolina University:**

DocuSign by:
Sara Thorndike
301BE1373B284A9...

Dr. Sara Thorndike
Vice Chancellor for Administration & Finance
East Carolina University

12/9/2020

Dated

4

DocuSign Envelope ID: EF3FB9F8-DCB2-414F-8161-1086AB2D58EB

## THIRD TOLLING AGREEMENT

This Third Tolling Agreement (the "Agreement") is entered into by and between Donna Boykin (hereinafter "Ms. Boykin" and/or "Plaintiff"), by and through her undersigned counsel, and East Carolina University (hereinafter "ECU" and/or "Defendant") (collectively, the "Parties"). The Parties agree as follows:

**WHEREAS**, a dispute has arisen between the Parties with regard to Ms. Boykin's employment with ECU;

**WHEREAS**, the Parties entered into a Tolling Agreement on November 6, 2020 tolling the running of any statute of limitations, statute of repose, or contractual or equitable limitations provision to December 9, 2020;

**WHEREAS**, the Parties entered into a Second Tolling Agreement on December 9, 2020, tolling the running of any statute of limitations, statute of repose, or contractual or equitable limitations provision to January 8, 2021;

**WHEREAS**, the Parties desire to enter into this Third Tolling Agreement to extend the tolling agreement an additional seven (7) days (January 8, 2021, to January 15, 2021) to toll the running of any statute of limitations, statute of repose, or contractual or equitable limitations provision as set forth herein;

**NOW, THEREFORE**, for good and sufficient consideration of refraining from immediately filing suit, the mutual covenants and promises as set forth in this Agreement, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties covenant and agree as follows:

1.  <u>Tolling Provision</u>. The deadline to file suit asserting claims arising out of Plaintiff's employment with Defendant, including but not limited to claims of: 1) disability discrimination, 2) retaliation, 3) Family Medical Leave Act, and 4) Wrongful Discharge in violation of Public Policy as described in the letter from Jennifer Bills to Paul Zigas, dated October 26, 2020, (hereinafter, "Claims") shall be and is extended until midnight on **January 15, 2021**. Defendant agrees to toll, waive, and not assert any statute of limitations defense against the Claims so long as any suit based upon the Claims is filed by the extended deadline set forth in this Agreement, except to the extent that such defense, or any other defense, was available to Defendant prior to the First Tolling Agreement.

2.  <u>Proper Party</u>. Defendant agrees that it is the former employer of Plaintiff and agrees not to assert a claim of misidentification or misnaming of the proper party for any

1

DocuSign Envelope ID: EF3FB9F8-DCB2-414F-8161-1086AB2D58EB

suit which follows this Agreement based upon the Claims.

3.      No Admission. Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims or that jurisdiction for any claim exists.

4.      Duration. This Agreement is effective from the date that this Agreement is executed by the last executing party through and up to and including January 15, 2021, the running of any and all limitations or time periods within which Ms. Boykin is or was required by applicable law (whether a statute of limitations, statute of repose, or contractual or equitable limitations provision) to bring, file, commence, continue, pursue or otherwise assert any and all claims against ECU resulting from her employment or separation of employment is hereby tolled.

5.      Settlement and Mediation. During the period, the parties may engage in settlement discussions to affect the possible resolution of Plaintiff's claims.  Such discussions may include mediation.

6.      Modification. This Agreement can be modified only in a writing signed by the Parties. This Agreement shall constitute the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject. This Agreement contains the entire agreement of the Parties with respect to matters addressed herein and may not be changed or amended except by subsequent written agreement by the undersigned Parties or on the terms set forth herein.

7.      Extensions. The Parties may extend the foregoing tolling period by executing a written extension on or before January 15, 2021. At the expiration of this Agreement as provided for in Paragraphs No. 1 and No. 4 above, the Parties shall have all of the same rights, remedies, defenses, interests, duties, obligations, liabilities, and other responsibilities that they had as of the effective date of this Agreement, except as modified herein or by subsequent agreement.

8.      Successors. The Parties hereto and their respective officers, directors, employees, agents, servants, successors, heirs, and assigns, as applicable, shall be entitled to rely upon the covenants and agreements set forth herein.  Furthermore, the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the undersigned Parties, their officers, directors, employees, agents, servants, successors, heirs, and assigns.

9.      Governing law. This Agreement shall be governed by and construed and enforced

2

in accordance with the laws of the State of North Carolina.

10.    Execution of Counterparts. Separate counterparts of this Agreement may be executed by the Parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

11.    Authority to Bind. Each person executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed, and that signatory has full and complete authority to do so.

12.    Confidentiality. To the extent allowed by applicable law, the Parties and their attorneys shall keep the terms of the Agreement confidential and shall not disclose such terms to anyone unless required to disclose such information by statute, court order or to enforce this Agreement.

13.    Notices. Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means (if by email, recipient must confirm receipt within 24 hours) as follows:

If to Plaintiff, address to:
Jennifer Bills, Esq.
The Noble Law Firm, PLLC
141 Providence Road, Suite 210
Chapel Hill, NC 27514
jbills@thenoblelaw.com

If to Defendant, address to:
Zach Padget, Esq.
N.C. Department of Justice - Education
114 W. Edenton Street
Raleigh, NC 27603
zpadget@ncdoj.gov

## - SIGNATURE PAGE FOLLOWS –

3

DocuSign Envelope ID: EF3FB9F8-DCB2-414F-8161-1086AB2D58EB

THE UNDERSIGNED, HAVING CAREFULLY READ THE CONTENTS OF THE
FOREGOING TOLLING AGREEMENT, AGREE UNCONDITIONALLY TO THE TERMS
AND CONDITIONS SET FORTH HEREIN.

**For Donna Boykin:**

Jennifer L. Bills, Esq.
The Noble Law Firm PLLC
*Attorney for Donna Boykin*

1/7/21

Dated

**For East Carolina University:**

DocuSigned by:

Sara Thorndike

Dr. Sara Thorndike
Vice Chancellor for Administration & Finance
East Carolina University

1/6/2021

Dated

4